On Application for Rehearing.
PER CURIAM.
The Secretary of State, defendant-ap-pellee, urges that the original opinion of this Court holds that the filing of the petition for review stays action to be taken by the Secretary of State, despite the express prohibition of such effect in LSA-R.S. 22:-1364, subd. A. This was not our intention.
We simply meant that since the statute guaranteed those aggrieved by orders of the Secretary of State a period of 30 days within which to seek judicial review of such order, then what actions taken by other parties in reliance upon such order are taken at the risk that subsequently such order will be judicially disallowed in legal proceedings which are timely filed.
■ Assuming that an illegal order issued (which of course cannot be decided until, after trial on the merits), a construction other than that of the original opinion of this Court permits a party to prevent judicial review of an illegal order by immediate execution thereof (such as on the following day, as in the present case), before the aggrieved party has the physical opportunity to seek judicial review thereof.
Thus, our opinion holds that the Secretary of State is not bound by any de *241 lay period unless expressly restrained or enjoined by the courts; but parties relying upon orders issued by the Secretary of State and acting within the 30-day period allowed for seeking judicial review of such order, dó so at the risk that in the subsequent judicial proceedings 'such order will be annulled.
Rehearing denied.